UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| *In re*<br><br>GEORGETTE OKRAY and FREDDIE OKRAY,<br><br>                Debtors.<br><br>GEORGETTE OKRAY and FREDDIE OKRAY,<br><br>                Plaintiffs – Appellees,<br><br>                vs.<br><br>ALLEN L. DENNIS and DONNA L. DENNIS,<br><br>                Defendants – Appellants. | Case No. 4:08-cv-00052-RRB<br><br>**MEMORANDUM DECISION**<br><br>On Appeal From the U.S. Bankruptcy Court<br>District of Alaska<br>Hon. Donald MacDonald IV, Bankruptcy Judge<br>Adv. No. 4:08-90010-DMD |

      Allen L. and Donna L. Dennis ("Dennises") have timely appealed from the decision of the bankruptcy court entered November 24, 2008, denying their motion for leave to file a late appeal.

      The court having reviewed the briefs and record on appeal has determined that oral argument would not be helpful in the determination of this case and the parties have not requested oral argument.[1] The matter is submitted for decision on the briefs.

---

[1] *See* AK. LBR 8012-1.

## I. BACKGROUND/JURISDICTION

Georgette and Freddy Okray ("Okrays") filed a petition under Chapter 13 of the Bankruptcy Code. Prior to the time the Okrays filed their bankruptcy petition, the Dennises, exercised their rights under the deed of trust securing the residence owned by the Okrays and took possession of the residence. The Okrays then filed an adversary action in the bankruptcy court against the Dennises, alleging that the Dennises, as mortgagees in possession, had damaged the residence. After a trial the bankruptcy court entered judgment in favor of the Okrays on September 30, 2008, but in amount less than that sought by the Okrays. The Dennises filed a Notice of Appeal from that judgment on October 22, 2008, and, concurrently therewith, a motion to extend the time to appeal. The bankruptcy court denied the motion to extend time on November 24, 2008.

The Dennises filed a timely notice of appeal on December 4, 2008, and concurrently therewith objected to reference of the appeal to the Bankruptcy Appellate Panel. This Court has jurisdiction under 28 U.S.C. § 158(a)(1), (c)(1)(A).

## II. ISSUE PRESENTED and STANDARD OF REVIEW

This appeal presents a single issue: Did the bankruptcy court err in denying the Dennises leave to file a late appeal? This Court reviews the decision of the bankruptcy court denying leave to file a late appeal for an abuse of discretion.[2] Abuse of discretion occurs when a decision is based "on an erroneous view of the law or a clearly erroneous assessment of the facts."[3]

---

[2] *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004) (en banc).

[3] *United States v. Morales,* 108 F.3d 1031, 1035 (9th Cir.1997) (en banc) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405 (1990)).

### III. FACTS

In their motion the Dennises attributed the delay in filing the notice of appeal to errors of counsel:[4]

> Applied here, Dennis' counsel's failure to learn of the 10 day time to file a notice of appeal was a mistake made by Dennis' counsel, who is inexperienced in bankruptcy. As counsel stated at the November 10, 2008 hearing, because of his inexperience, he had retained experienced counsel, Jason Gazewood, early in this case hoping to avoid procedural violations due to counsel's unfamiliarity with bankruptcy procedure, but when the decision to be appealed came in, Mr. Gazewood was out of town and did not respond to call for help until the 10 day appeal time had run.
>
> When Dennis' counsel discovered the appeal time had run, he promptly filed a Notice of Appeal, accompanied by a Motion and Memorandum in Support to Extend Time to Appeal and the filing fee, filed October 22, 2008, 12 days after the 10 day appeal time had run.
>
> Dennis' counsel took affirmative steps to learn what the appeal time was, but they were ineffective. Counsel was surprised to learn the appeal time was so short, shorter than the 30 days allowed for other appeals counsel has done. Although these steps were too little, too late, they meet the affirmative duty to show a good faith attempt.

### IV. DISCUSSION

Under the Federal Rules of Bankruptcy Procedure, an appeal must be filed within 10 days of the entry of a judgment.[5] In this case, the deadline for filing an appeal from the September 30 judgment fell on October 10. The Notice of Appeal was not filed until October 22, 2008, 12 days late. The rules do, however, permit the bankruptcy court to extend the time for appeal "upon a showing of excusable neglect," where, as here, a motion is filed not more than 20 days after the time to appeal has lapsed.[6]

In *Pioneer Inv. Svcs. Co. v. Brunswick Assocs. Ltd P'Ship*, the Supreme Court identified four factors to be generally considered in determining the existence of excusable neglect: "the danger of

---

[4] Docket No. 5-5, p. 3.

[5] Fed. R. Bank. P. 8002(a).

[6] Fed. R. bank. P. 8002(c)(2).

prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[7] The Dennises argue *Pioneer* adds a fifth factor, whether the clients should be penalized for counsel's mistake or neglect. Quite to the contrary, *Pioneer* expressly and emphatically rejected penalization of the client as an appropriate factor to be considered in the context of determining excusable neglect.[8] Although this factor comes from an earlier Ninth Circuit decision, *In re Magouirk*,[9] ordinarily controlling on this Court, in light of its express rejection by *Pioneer*, this Court is not bound by *Magouirk*.[10] The Dennises also suggest that the court must consider the merits of the underlying claim, citing *In re Smith*,[11] an out-of-circuit decision. Not only is *Smith* not controlling, it is inapposite and unpersuasive. In *Smith*, the bankruptcy court considered the merits of the underlying action in the context of determining that permitting a late appeal would only hinder the reorganization, weighing against granting relief.[12]

The bankruptcy court, applying *Pioneer*, found that three of the four factors—prejudice, length of the delay, and good faith—weighed in favor of the Dennises. The bankruptcy court found the third factor, the reason for the delay, determinative:[13]

> The reason for the delay in filing the notice of appeal was Mr. Wickwire's ignorance of the applicable rules. Additionally, an attorney Mr. Wickwire had been relying upon for information on bankruptcy procedure was out of town during the appeal period. Mr. Wickwire said he assumed that the appeal time would be 30 days, but he didn't check with other bankruptcy counsel to confirm if he was correct, nor did he try to locate the applicable rule independently. The reason for delay was within the reasonable control of the defendants. There were no intervening factors or ambiguous notices.

---

[7] 507 U.S. 380, 395 (1993).

[8] 507 U.S. at 396–97.

[9] 693 F.2d 948, 951 (9th Cir. 1982).

[10] *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) (prior circuit precedent is no longer binding where it is irreconcilable with a subsequent decision of the Supreme Court).

[11] 44 B.R. 46 (Bkrtcy. N.M. 1984).

[12] 44 B.R. at 47.

[13] Docket No. 5-9, p. 4.

The Dennises do not contest the factual findings of the bankruptcy court.

As the bankruptcy court noted, *Pioneer* recognized that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect," it is an elastic concept not limited strictly to matters beyond the control of the movant.[14] Under controlling circuit precedent, there is no rigid *per se* rule against any particular type of negligence by an attorney in determining excusable neglect; instead, the weighing of the *Pioneer's* equitable factors is left to the discretion of the trial court.[15] "[This Court] must therefore affirm unless [it is] left with the definite and firm conviction that the lower court committed a clear error of judgment in the conclusion it reached after weighing the relevant factors."[16]

The Ninth Circuit has affirmed district courts granting leave where the attorney miscalendared the appeal date,[17] relied on the vagaries of the postal service[18] or misread a clear rule.[19] On the reverse side of the coin, the Ninth Circuit also affirmed denial of leave to file a late appeal where, as here, the attorney failed to read and follow clear and unambiguous rules,[20] and reversed granting leave to file a late appeal where the attorney misconstrued anonambiguous rule.[21]

---

[14] 507 U.S. at 392; *see also Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 886 (9th Cir. 2001) (same).

[15] *Pincay v. Andrews*, 389 F.3d 853, 859–60 (9th Cir. 2004) (en banc).

[16] *Id*. at 858.

[17] *Marx v. Loral Corp*., 87 F.3d 1049, 1054 (9th Cir. 1996).

[18] *Mendez v. Knowles*, 556 F.3d 757, 766-67 (9th Cir. 2009) (attorney mailed the notice of appeal two days before the due date).

[19] *Pincay*.

[20] *Speiser*.

[21] *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931–32 (9th Cir. 1994).

MEMORANDUM DECISION, *Okray v. Dennis*, No. 4:08-cv-00052-RRB - 5

In this case, counsel acknowledging his inexperience in bankruptcy, attempted to consult an experienced bankruptcy attorney, indeed a laudable action on his part. Unfortunately, when he was unable to reach that attorney until after the appeal time had lapsed because of the attorney's absence, counsel, relying on his assumption that the time to file an appeal was the usual 30 days permitted in civil actions, awaited his return. Inexplicably, notwithstanding the clear inference of his own misgivings concerning that assumption as evidenced by his attempt to contact experienced counsel, counsel did nothing in the interval to ascertain the time within which an appeal was required to be filed. Counsel provided no reason why he could not have consulted the Federal Rules of Bankruptcy Procedure, which are available in the Court's library in Fairbanks, and the State Court Library, as well as on-line,[22] or even consulted other experienced bankruptcy attorneys.

As was the Ninth Circuit in *Pincay* and *Speiser*, had the bankruptcy court decided the other way, this Court might be hard pressed to find any rationale requiring reversal. It may well have even ruled differently. The question, however, is not how this Court may have ruled in this case, or even in like or similar circumstances; the question is whether the bankruptcy court *abused its discretion* in denying the Dennises leave to file a late appeal. This Court cannot, under the facts and circumstances presented in this case, find that the bankruptcy court abused its discretion.

---

[22] With the plethora of information available without charge on the internet, including *official* judicial websites, one might properly deem the failure of counsel to check applicable court rules of practice and procedure gross negligence.

## V. CONCLUSION

For the foregoing reasons, the judgment of the bankruptcy court is **AFFIRMED**.

The Clerk of the Court to enter a final judgment accordingly.[23]

Dated: August 7, 2009.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
United States District Judge

---

[23] Fed. R. Bank. P. 8016.